The bill was for an injunction, which was granted. The defendant demurred, and the demurrer now came on to be argued.
 

 
 *502
 
 The bill stated that Claxton was possessed of certain negroes, and being indebted to divers persons, conveyed them to Isaac Lanier, reserving to himself an estate for life. The negroes remained in possession of Claxton for many years after, till both removed to this State from North Carolina. That Claxton became indebted to Russel, and was sued by Russel in the lifetime of Claxton, who died pending the action. Letters of administration were granted by the proper court to the widow of Claxton, and she being made a party to the action, after the death of Claxton, the action proceeded against her to judgment. Isaac Lanier conveyed the negroes to Burwell Lanier, who got possession of them immediately after the death of Claxton, and had them before the letters of administration were granted, and at the time of the judgment. * Execution issued upon the judgment. The sheriff seized and sold one of the negroes which he found in the possession of Burwell Lanier. Burwell Lanier sued him at law, and had judgment against him for the value of the negro. Whereupon Russel, who had indemnified the sheriff, and the sheriff, brought this bill, alleging the above circumstances, insisting on them as proofs of fraud, and praying that the moneys should be retained in the hands of the sheriff for the satisfaction of Russel’s demand, and stating that Lanier, the plaintiff in the action at law, had removed to the Alabama Territory.
 

 And per RoaNE and White, Judges, Haywood not giving any opinion, as the other two judges agreed, and he had formerly been of counsel in the action at law: —
 

 Because of the fraudulent circumstances stated in the bill, Russel might have proceeded against Lanier as executor
 
 de son
 
 tort, either by action at law or bill in equity; and for that reason this bill is so far proper, both to ascertain his debt and to prove the fraud, and to have a decree for satisfaction. And as to intercepting the money recovered against the sheriff, and which was assets in the hands of Burwell Lanier, that may be proper also
 
 prima facie,
 
 he being removed out of this State; although upon the answer it may appear otherwise, if he should allege and prove other demands against his assets, of higher dignity, to an amount sufficient to exhaust all his assets. Should that not appear, there is no harm in ordering this money tobe applied in satisfaction of Russel’s demand. This will prevent an action at law, and avoid the mischief of send
 
 *503
 
 ing to another State in pursuit of Lanier. Therefore the demurrer must be overruled, and the defendant be directed to answer. The demurrer being bad in part, must be overruled for the whole. But still, as to the surplus of the recovery above Russel’s demand, the court now can look into the bill, and finding * that the injunction was granted for too much, may now dissolve it for the excess. And we accordingly order it to be dissolved for all above what will satisfy Russel’s demand ; and as to
 
 that
 
 it shall be continued till further order.
 

 See
 
 Cobb
 
 v.
 
 Lanier,
 
 4 Hay. 297, and note
 
 sub fin.;
 
 King’s Digest, 6524, 6566, 6861.